IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PAUL LA'MARK LITTLE | § | |
| v. | § | CIVIL ACTION NO. 6:23cv194 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Paul La'Mark Little, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of prison disciplinary action taken against him. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

In his petition and an attached memorandum, Petitioner states that a person named Crystal Reyes investigated grievance no. 2021143160, concerning disciplinary case no. 20210210124, and altered the extension date on the grievance to improperly extend the appeal process beyond the deadline. He asserts that a person named Jennifer Cozby had no discretion to proceed with a rehearing of disciplinary case no. 20220039208, which case has caused him to be wrongfully confined in restrictive housing for 22 months. He says that Cozby fabricated an extension on October 28, 2021.

In October of 2022, Petitioner states that he attended a hearing for the State Classification Committee and tried to present evidence, but Cozby was present and cut him off. Petitioner says that she refused to review the evidence of official misconduct because there were no files or records present to show why Petitioner was confined in restrictive housing. Instead, Petitioner complains

that his confinement in restrictive housing was continued based upon a disciplinary case for which he had been placed in G-4 (medium) custody, not restrictive housing. He signed his petition on April 17, 2023.

Court records show that in March of 2022, Petitioner filed a habeas corpus petition in the Northern District of Texas styled Little v. Director, TDCJ-CID, cause no. 1:22cv22. In this petition, Petitioner stated that he was challenging disciplinary cases no. 20210210124 and 20220039208, the same disciplinary cases challenged in the present petition. He complained that prison officials violated their own procedural rules in prosecuting cause no. 20211020124, thus denying him due process, and that officials erroneously extended the deadline for rewriting and rehearing the disciplinary case, rendering the charge in cause no. 20220039208 untimely. This petition was dismissed with prejudice by the Northern District of Texas on November 9, 2023.

## II. Discussion

Title 28 U.S.C. §2244(b)(3) provides that before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. His petition is plainly successive because it challenges the same disciplinary cases at issue in a previous habeas petition which was adjudicated by the Northern District of Texas.

The on-line records of the Fifth Circuit Court of Appeals do not show that Petitioner has sought or received authorization to file a successive habeas petition. Until Petitioner receives permission from the Fifth Circuit Court of Appeals to file a successive petition, as set out in 28 U.S.C. §2244(b)(3), the district court lacks jurisdiction to consider his claims in a new habeas petition. Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003); Propes v. Quarterman, 573 F.3d 225, 230 (5th Cir. 2009). Petitioner's present habeas petition should be dismissed until such time as leave to file a successive petition is granted by the Fifth Circuit.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

A certificate of appealability may only issue if the prisoner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2); Buntion v. Lumpkin, 982 F.3d 945, 948 (5th Cir. 2020). In order to make that showing, the petitioner must demonstrate that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Buck v. Davis, 137 S.Ct. 759, 773, 197 L.Ed.2d 1 (2017). The Fifth Circuit's review is not a full consideration of the factual or legal bases adduced in support of the petitioner's claims, but rather an examination of whether the district court's decision was debatable. Buntion, 982 F.3d at 948, *citing* United States v. Davis, 971 F.3d 524, 530 (5th Cir. 2020).

When a habeas petition is denied on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only where the petitioner shows that jurists of reason would find it debatable the petition states a valid claim of denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Petitioner has not shown, nor does the record indicate, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling that the Court lacks jurisdiction because he has not obtained leave from the Fifth Circuit to file a successive petition. Consequently, he is not entitled to a certificate of appealability.

RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice as to its refiling without permission from the Fifth Circuit, but without prejudice as to its refiling once such permission has been obtained. 28 U.S.C. §2244(b)(3). It is further recommended that a certificate of appealability be denied *sua sponte*, with such denial referring solely to an appeal of the decision in this case and likewise having no effect upon Petitioner's right to seek permission from the Fifth Circuit to file a successive petition.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 4th day of December, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

4